**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Inc., | CV 12-00525-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Luis Alberto Guzman; Mariscos Culiacan LLC, | |
| Defendants. | |

We have before us plaintiff's motion for default judgment (doc. 15). When considering a motion for default judgment we take a complaint's well-pled allegations regarding liability as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff possessed the exclusive commercial distribution rights to "'The Event': The Manny Pacquiao v. Joshua Clottey WBO Welterweight Championship," which was televised on March 13, 2010 ("the Program"). Defendants own Mariscos Culiacan, a Phoenix restaurant that can hold approximately 75 people. On March 13, 2010, defendants displayed the Program on four television sets located throughout the building. There was no cover charge to enter, and the Program was not advertised. Three separate head counts confirmed that 45, 54, and 59 patrons were inside. Default was recently entered against Luis Guzman in another action involving commercial piracy of the Program. Riley Supplemental Decl. (doc. 15-4).

Plaintiff seeks relief under three counts: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion (doc. 1). The Clerk entered default against both defendants on July 2, 2012 (doc. 14). Defendants have not moved to set aside default, and have not otherwise appeared.

To recover under 47 U.S.C. § 605, plaintiff must show that (1) defendants intercepted and (2) "divulged or published. . . a communication transmitted by" plaintiff. Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981). A successful plaintiff can recover statutory damages of at least $1,000 and at most $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). These damages may be increased by up to $100,000 if a communication was intercepted and published "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(3)(C)(ii). Courts consider numerous factors when assessing whether enhanced damages are appropriate, including "prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008). The need for deterrence is balanced against the harm to the defendant's business if significant damages are assessed. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

Because defendants defaulted, they admit that they published the Program to their customers without a license, and did so "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." Compl. ¶ 20.[1] Keeping in mind the goal of deterring piracy, we conclude that a statutory damages award of $10,000 is appropriate.

An enhanced damages award of $100,000, however, is unwarranted. Plaintiff has not

---

[1] Because defendants defaulted, plaintiff cannot determine what type of signal transmission was used, and asks for recovery under 47 U.S.C. § 605.

- 2 -

1  presented evidence that it incurred significant damages. Defendants did not collect a cover
2  charge, and there is no evidence that defendants charged a premium for food or drinks, or
3  advertised the Program. The Program was displayed on multiple televisions to at most 59
4  people. Plaintiff argues that Luis Guzman is a repeat offender because he recently defaulted
5  in a commercial piracy action concerning another Mariscos Culiacan restaurant. The other
6  action, however, also alleges an interception of the Program on March 13, 2010. See Compl.,
7  J & J Sports Prods. Inc. v. Guzman, CV-12-00527-PHX-SRB (doc. 1). Because both actions
8  allege an illegal interception of the same Program on the same night, the evidence is
9  insufficient to classify Guzman as a true repeat offender. It could be that his March 13, 2010
10 interception of the Program, albeit in two locations, was his first. Nevertheless, we recognize
11 that a substantial damages award may aid in deterring future violations by these defendants.
12 We conclude that under the facts of this case, an enhanced damages award of $7,500 is
13 reasonable. The total damages award of $17,500 will both compensate plaintiff and act as
14 a deterrent against future violations.

15 Plaintiff requests an award of $1,800 on its conversion claim. However, it presents
16 no argument or evidence to support this request. Accordingly, we will not award additional
17 damages.

18 Finally, plaintiff requests an award of its costs and attorneys' fees. Plaintiff may file
19 a bill of costs in accordance with LRCiv 54.1 and Rule 54(d)(1), Fed. R. Civ. P., and a
20 motion for attorneys' fees pursuant to Rule 54(d)(2), Fed. R. Civ. P.

21 **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 15).
22 The Clerk shall enter judgment in favor of plaintiff and against defendants in the amount of
23 $17,500.

24 DATED this 30th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -